# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Lynesha S. D.,**[1]          ) | |
|             ) | |
|        **Plaintiff,**  ) | |
|             ) | **CIVIL ACTION** |
| **v.**                ) | |
|             ) | **No. 20-2300-JWL** |
| **ANDREW M. SAUL,**  ) | |
| **Commissioner of Social Security,**  ) | |
|             ) | |
|        **Defendant.**  ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614 of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) failure to provide any indication in his decision that he considered the third-party opinion of Plaintiff's friend, Ms. Cole, the court ORDERS the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

## I.    Background

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff appeals a decision of the Commissioner made after remand from this court.  Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in considering the lay opinions of two agency interviewers and of a friend who completed a third party function report.  (Pl. Br. 14) (citing Exs. 1E, 23E, 26E, R. 202, 1050, 1080-87).[2]

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

---

[2] The court notes, the transcript pages cited in Plaintiff's Brief are not the Bates Numbers affixed by the agency, but the court was able locate the records cited at the Bates Numbered pages cited above.

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the

Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.    Evaluation of the Lay Opinions

Plaintiff claims the ALJ erred in failing to consider the third-party evidence at issue.  (Pl. Br. 14-15).  She argues, "because the ALJ did not consider the above described Third Party statements, it cannot be said that the ALJ considered all of the substantial evidence of record," and "the ALJ's Decision must be reversed as a matter of law."  Id. at 16.  The Commissioner argues the third-party opinions are neither significantly probative nor uncontroverted, and it was, therefore, not error to fail to discuss them.  (Comm'r Br. 6-10) (citing Hendron v. Colvin, 767 F.3d 951, 955 (10th

4

Cir. 2014); <u>Mays v. Colvin</u>, 739 F.3d 569, 576 (10th Cir. 2014); <u>Clifton v. Chater</u>, 79

F.3d 1007, 1009-10 (10th Cir. 1996); <u>Diana Lynne L. v. Saul</u>, No. CV 18-2709-JWL,

2019 WL 5821337 (D. Kan. Nov. 7, 2019); <u>Eastman v. Colvin</u>, No. CIV.A. 13-2527-

JWL, 2014 WL 6675058, at *4 (D. Kan. Nov. 25, 2014).  Alternatively, the

Commissioner argues the failure to address the third-party opinion of Ms. Cole, if error,

was harmless because that opinion is discredited by the same evidence the ALJ relied

upon to discredit Plaintiff's allegations of symptoms.  (Comm'r Br. 10-11).  In her Reply

Brief, Plaintiff argues the Commissioner failed to distinguish this case from the rule this

court relied upon in <u>Stookey v. Berryhill</u>, No. 17-2454-JWL, 2018 WL 3377092, at *4

(D. Kan. July 11, 2018):  "in the Tenth Circuit, an ALJ is relieved from the requirement

to make specific, written findings regarding each lay witness's opinion only when the

decision otherwise reflects that the ALJ considered that opinion."  (Reply 1) (quoting

<u>Stookey</u>).

### A,   Standard for Evaluating Third-party Opinions

In the Tenth Circuit, an ALJ is not required to make specific, written findings

regarding each third-party opinion when the written decision reflects that the ALJ

considered that opinion.  <u>Blea</u>, 466 F.3d at 914-15; <u>Adams v. Chater</u>, 93 F.3d 712, 715

(10th Cir. 1996).  In <u>Adams</u>, the court "decline[d] claimant's invitation to adopt a rule

requiring an ALJ to make specific written findings of each witness's credibility,

particularly where the written decision reflects that the ALJ considered the testimony."

93 F.3d at 715.  The <u>Adams</u> court determined "that the ALJ considered the testimony of

claimant's wife in making his decision because he <u>specifically referred to it in his written</u>

5

opinion," and the court found no error in the ALJ's failure to make specific, written

findings regarding the testimony.  Id. (emphasis added).  Ten years later, the Tenth

Circuit confirmed the rule that an ALJ is not required to make specific written findings

regarding third-party lay opinions if the written decision reflects that the ALJ considered

it.  Blea, 466 F.3d at 915.  The Blea court noted, however, that "[h]ere, the ALJ made no

mention of Mrs. Blea's testimony, nor did he refer to the substance of her testimony

anywhere in the written decision.  Thus, it is not at all 'clear that the ALJ considered

[Mrs. Blea's] testimony in making his decision.'"  Id. (quoting Adams, 93 F.3d at 715).

In 2006, the Commissioner issued Social Security Ruling (SSR) 06-3p "To clarify

how [the Social Security Administration] consider[s] opinions from sources who are not

'acceptable medical sources.'"  2006 WL 2329939, *1 (SSA August 9, 2006).  SSR 06-

3p notes,

> Although there is a distinction between what an adjudicator must consider
> and what the adjudicator must explain in the disability determination or
> decision, the adjudicator generally should explain the weight given to
> opinions from these "other sources," or otherwise ensure that the discussion
> of the evidence in the determination or decision allows a claimant or
> subsequent reviewer to follow the adjudicator's reasoning, when such
> opinions may have an effect on the outcome of the case.

Id. at *6.  Moreover, the regulations in effect when this case was decided include an

"articulation" requirement for "[o]pinions from medical sources who are not acceptable

medical sources and from nonmedical sources."  20 C.F.R. § 416.927(f) (2019).  That

regulation provides that

> The adjudicator generally should explain the weight given to opinions from
> these sources or otherwise ensure that the discussion of the evidence in the
> determination or decision allows a claimant or subsequent reviewer to

6

follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

20 C.F.R. § 416.927(f)(2) (2019).

### B.      Analysis

The Commissioner is correct that an ALJ need not discuss all the evidence in the record, but that he must discuss only the uncontroverted evidence he did not rely upon, and significantly probative evidence he rejected.  Clifton, 79 F.3d at 1009-10.  However, the longstanding law in the Tenth Circuit has recognized that although an ALJ need not specifically discuss each third-party lay opinion, he must make it clear in the decision that he considered that opinion.

As to the specific opinions at issue here, the court first addresses the opinions of the agency interviewers on March 9, 2015 and on June 20, 2018.  (R. 201-03, 1048-51). The 2015 interviewer in a "Teleclaim with claimant" stated that Plaintiff had difficulty with concentrating and noted "problems staying focused, had to repeat questions several times so claimant could respond, she seemed to be distracted."  Id. at 202.  The 2018 interview was conducted "Face-to-face with claimant," the interviewer also stated Plaintiff had difficulty concentrating and noted "nh [sic] does not remember a lot of dates and such."  Id. at 1049-50.  Each of these "opinions" appears in a "Form SSA-3367," "Disability Report – Field Office."  At issue is Section 9 of the form, entitled "Observations/Perceptions."  Id. at 202, 1049-50.  That section contains a list of various functions an individual performs including hearing, breathing, understanding, coherency, concentration, talking, etc., along with a catch-all category titled "Other (specify)."  Id.

7

The directions for completing section 9 explain:  "If the claimant had difficulty with the following, explain in Observations, or show 'No' or 'Not observed/perceived.'"  Id.  The only function the employees marked "Yes" was "Concentrating."  Id.  Each agency employee entered his "Observations" as quoted above.  A. Walker's "Observation" was made from a "Teleclaim" and he observed she "seemed to be distracted." but there is no indication what was causing the distraction.  (R. 202).  There may have been something in Plaintiff's environment at the time which was distracting her such as other people, television, radio, heat, cold and there is no indication this supposed distraction resulted from an internal or personal limitation in concentration.  Id.  The "Observation" of M. Williams in the face-to-face interview is equally speculative.  M. Williams stated Plaintiff appeared to have difficulty concentrating and noted that "nh [sic] does not remember dates and such."  (R. 1050).  This appears on its face to be a memory issue rather than a concentration issue and M. Williams says nothing regarding whether it relates to short-term memory, long-term memory, or both or whether it relates to technical or scientific issues or day-to-day activities.  Moreover, and perhaps more importantly, M. Williams identifies "nh" as the thing or person with the memory problem and says nothing to explain or clarify this statement.  Id.  Finally, neither observation of difficulty or limitation suggests a degree of functional limitation in concentration.  The court finds no error in the ALJ's failure to discuss in his decision these, at most, speculative statements of the SSA employees.

Consideration of Ms. Cole's lay opinion yields a different result.  The Commissioner suggests the court should consider the opinion as evidence (which it is)

which was not discussed and find discussion unnecessary in accordance with the standard in the Tenth Circuit that evidence that is neither uncontroverted nor significantly probative need not be specifically discussed.  However, this is a special category of evidence to which a different standard applies—lay opinion evidence.  In accordance with the law of the Tenth Circuit, such evidence need not be weighed, but the written decision must reflect that the ALJ considered that opinion.  Moreover, the Commissioner's own regulatory policy requires that the adjudicator "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  SSR 06-3p, 2006 WL 2329939, *6.  And, the regulations include an "articulation" requirement for "[o]pinions from medical sources who are not acceptable medical sources and from nonmedical sources."  20 C.F.R. § 416.927(f) (2019).  Clearly, the ALJ erred in failing, at least, to make clear in the decision that he had considered Ms. Cole's opinion.

The Commissioner argues that the error was harmless because the same evidence relied upon by the ALJ to discount Plaintiff's allegations also discredits Ms. Cole's opinions.  (Comm'r Br. 10-11) (citing Eastman, 2014 WL 6675058 at *12).  The court acknowledges that in Eastman, a situation similar to this, it found the error harmless, however, in Eastman the opinion at issue was that of the claimant's mother whereas here the opinion is that of a friend.  Moreover, in Eastman the opinions were more similar than here and the evidence discrediting the Plaintiff's allegations here is more focused and directed at Plaintiff than that in Eastman.  For example, here the Commissioner points to

9

the ALJ's discounting Plaintiff's allegations because of her "continued abuse of drugs and alcohol instead of prescribed treatment" (Comm'r Br. 11), whereas Plaintiff's continued use of drugs and alcohol says nothing regarding the weight to be accorded Ms. Cole's lay opinion.  Most importantly, the court in Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) explained two considerations which counsel a cautious application of the harmless error doctrine to Social Security disability cases.

> First, if too liberally embraced, it could obscure the important institutional boundary preserved by Drapeau's admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts.  Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in SEC v. Chenery Corp., 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943) and its progeny. With these caveats, it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.

Id.  Here, the very question at issue is whether the ALJ considered Ms. Cole's lay opinion.  Because the answer to that question is impossible to ascertain from the ALJ's decision and because the court may not weigh the evidence to evaluate Ms. Cole's opinion in the first instance, it must remand for the Commissioner to evaluate that evidence.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated May 25, 2021, at Kansas City, Kansas.


s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**