# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LYNESHA S. DAVIS,                     )
                                      )
                    Plaintiff,        )
                                      )        **CIVIL ACTION**
v.                                    )
                                      )        **No. 20-2300-JWL**
                                      )
KILOLO KIJAKAZI,[1]                   )
**Acting Commissioner of Social Security,**   )
                                      )
                    Defendant.        )
_____  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 23).   The Commissioner argues alternatively that his litigation position was substantially justified or that the amount requested is unreasonable because an unreasonable amount of time was expended in preparing Plaintiff's Social Security Brief and Plaintiff is seeking compensation for clerical work which is not compensable.   The court finds that the Commissioner's argument in the case in chief (that the ALJ's error in failing to address the third-party

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

opinion of Ms. Cole was harmless), although unsuccessful, was substantially justified. Therefore, the court need not consider the alternative argument and DENIES Plaintiff's motion for attorney fees.

## I.      Background

Plaintiff sought review of the Commissioner's decision denying supplemental security income benefits.   (Doc. 1).   The Commissioner answered and filed the transcript of record with the court.   (Doc. 11, & Attach. 1).   After briefing was complete, this court determined that "the ALJ erred in failing, at least, to make clear in the decision that he had considered Ms. Cole's [third party] opinion."   (Doc. 21, p.9). The court found the error was not harmless, id., and entered judgment remanding the case for further consideration.   (Doc. 22).   Plaintiff now seeks payment of attorney fees pursuant to the EAJA.   (Doc. 23) (hereinafter EAJA Mot.).

Plaintiff's counsel has established by attachments to his briefs that:   (1) He is Plaintiff's attorney in this case, (2) his paralegal spent 3.5 hours working on this case, and (3) he spent 40.2 hours working on this case.   Counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $205.41 per hour and that "$102.00 per hour for paralegal time, representing one half of [an] Attorney's hourly [maximum EAJA] rate" is an appropriate fee for paralegal work.   Counsel seeks $8,257.48 in attorney fees and $357.00 in paralegal fees, totaling $8,614.48 in fees requested.

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.   Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).   The EAJA,[2] 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.   Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact.   Id.   The Commissioner bears the burden to show substantial justification for her position.   Id.; Estate of Smith, 930 F.2d at 1501.

## III.   Discussion

### A.      The Parties' Arguments

The Commissioner argues that the position of the United States was substantially justified.   She argues "there was a reasonable basis in law and fact for h[er] position that the ALJ was not required to explicitly discuss or weigh the lay witness statement from Plaintiff's friend, Ms. Cole, and that any omission was harmless."   (Doc. 25) (hereinafter EAJA Resp.).   She argues the fact that courts in the District of Kansas have found

---

[2]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

harmless error in similar circumstances provides a reasonable basis in law and fact for her litigation position.   Id. at 5-6 (citing Trujillo v. Colvin, No. CIV.A. 14-1127-MLB, 2015 WL 5010188, at *5 (D. Kan. Aug. 21, 2015); Newberry v. Colvin, No. 2:14-CV-2116-JTM, 2015 WL 4946319, at *10 (D. Kan. Aug. 19, 2015); Shields v. Colvin, No. 6:15-CV-1021-JTM, 2015 WL 4577683, at *4 (D. Kan. July 28, 2015); Eastman v. Colvin, No. CIV.A. 13-2527-JWL, 2014 WL 6675058, at *12 (D. Kan. Nov. 25, 2014)).   She argues her harmless error argument, although rejected, was substantially justified.   Id. at 7 (citing Evans v. Colvin, 640 F. App'x 731, 735-36 (10th Cir. 2016)).

In Reply, Plaintiff points out the law in the Tenth Circuit that a Social Security decision must reflect that the ALJ considered each lay witness opinion.   (Doc. 26, 4-5) (hereinafter EAJA Reply) (citing Blea v. Barnhart, 466 F.3d 903, 914-15 (10th Cir. 2006)).   She argues, "when the agency's legal theories are inconsistent with the correct governing legal standard, the Commissioner cannot show that h[er] position was substantially justified."   (EAJA Reply 6) (citing Gatson v. Bowen, 854 F.2d 379, 380-81 (10th Cir. 1988); Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1985); and Quintero v. Colvin, 642 F. App'x 793, 796 (10th Cir. 2016)).

**B.**   **Analysis**

The issue of substantial justification for the Commissioner's litigation position arguing harmless error is closer than it may appear at first blush.   Plaintiff is correct to cite Gatson, Washington, and Quintero for the proposition that legal theories inconsistent with controlling law are not substantially justified to defend an agency decision.

4

However, Plaintiff did not respond to the Commissioner's citation of <u>Evans</u> for the proposition that a harmless error argument, although rejected, might be substantially justified, and thereby missed the point of <u>Evans</u>.   Moreover, there is a line of cases in the Tenth Circuit, consistent with <u>Evans</u>, recognizing that "[e]ven when the ALJ's reasons [in the agency decision] were unreasonable, EAJA fees may still be denied when the Commissioner reasonably (even if unsuccessfully) argues in litigation [before the court] that the ALJ's errors were harmless."   <u>Groberg v. Astrue</u>, 505 F. App'x 763, 765 (10th Cir. 2012) (citing <u>Johns v. Astrue</u>, 455 F. App'x. 846, 848 (10th Cir. 2011); and <u>Fleming v. Barnhart</u>, 194 F. App'x. 543, 546 (10th Cir. 2006)).

In <u>Evans</u>, the ALJ concluded the plaintiff was able to perform the jobs of "silverware wrapper, 107,450 positions nationally …; document preparer, 15,296 positions nationally …; and surveillance system monitor, 3,535 positions nationally." 640 F. App'x 734.   At the district court, the plaintiff argued it was error to include the silverware wrapper job and the remaining jobs did not constitute a significant number of jobs.   <u>Id.</u>   The Commissioner conceded error in including the silverware wrapper job, but argued it was harmless because the remaining jobs constituted a significant number of jobs.   <u>Id.</u>   The district court determined that under Tenth Circuit precedent "the number of remaining jobs in the national economy (18,831 in the aggregate) was too small for the court to conclude that it was a significant number as a matter of law" and remanded for the ALJ to determine whether 18,831 was a significant number of jobs.   <u>Id.</u> at 734-35 (citing <u>Trimiar v. Sullivan</u>, 966 F.2d 1326, 1330 (10th Cir. 1992) (no bright line

minimum number); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004) (100 jobs insufficient); <u>Raymond v. Astrue</u>, 621 F.3d 1269, 1274 & n.2 (10th Cir. 2009) (1.34 million jobs nationally, sufficient); <u>Rogers v. Astrue</u>, 312 F. App'x. 138, 142 (10th Cir. 2009) (11,000 jobs nationally-dictum, and harmless error not at issue); <u>Chavez v. Barnhart</u>, 126 F. App'x. 434, 436 (10th Cir. 2005) (49,957 jobs nationally insufficient).

After remand, the plaintiff sought EAJA fees and the Commissioner argued his harmless error argument was a litigation position which was substantially justified. <u>Evans</u>, 640 F. App'x at 735.   The district court "concluded that the Commissioner, although unsuccessful, was substantially justified in arguing harmless error" and denied attorney fees.   <u>Id.</u>   Plaintiff appealed the fee decision to the Tenth Circuit, which affirmed, noting that it has "held an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy."   <u>Id.</u> at 736 (citing <u>Bainbridge v. Colvin</u>, 618 F. App'x. 384, 391–92 (10th Cir. 2015) (500,000 jobs); <u>Shockley v. Colvin</u>, 564 F. App'x. 935, 940–41 (10th Cir. 2014) (215,000 jobs); <u>Chrismon v. Colvin</u>, 531 F. App'x. 893, 899–900 (10th Cir. 2013) (212,000 jobs); <u>Stokes v. Astrue</u>, 274 F. App'x. 675, 684 (10th Cir. 2008) (152,000 jobs). The court explained:

> there is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in <u>Allen</u> that we refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs we have considered (in <u>Stokes</u>) to be sufficient so far for application of harmless error.   Based on these numbers, the

Commissioner was substantially justified in arguing for harmless error
based on the 18,831 remaining jobs here.

Id.

The issue in this case is not what number of jobs constitutes a significant number
to justify a harmless error argument when an ALJ erroneously suggests a representative
occupation applies in a case.   But, the Commissioner argued the ALJ's error in failing to
discuss Ms. Cole's opinion was harmless because "[a]lthough Ms. [Cole's] testimony is
not identical in every respect to Plaintiff's allegations, ... the same evidence used to
discredit Plaintiff's allegations also discredits Ms. [Cole]'s opinions."   (Doc. 19,
Comm'r Br. 10-11) (quoting Eastman, 2014 WL 6675058 at *12 and citing Shields, 2015
WL 4577683 at *4).   The issue here is how much of the third-party's opinion must be
discredited by the evidence which discredits Plaintiff's allegations to find that such a
harmless error argument is substantially justified.

Similar to Evans, there are cases where courts have found harmless error in failing
to address a third-party opinion.   Best-Willie v. Colvin, 514 F. App'x 728, 736 (10th Cir.
2013) (evidence discrediting the plaintiff's allegations also discredits husband's);
Trujillo, 2015 WL 5010188, at *5 (significant other's opinion was cumulative);
Newberry, 2015 WL 4946319, at *10 (same evidence discredits mother and employer);
Shields, 2015 WL 4577683, at *4 (former supervisor's opinion); Eastman, 2014 WL
6675058, at *12 (claimant's mother).   And there are cases which did not find harmless
error.   Crystal S. v. Kijakazi, No. 20-2425-JWL, 2021 WL 3089216, *3 (D. Kan. July

7

22, 2021) (court cannot say ALJ considered husband's opinion); <u>Stookey v. Berryhill</u>, No. 17-2454-JWL, 2018 WL 3377092, *4 (D. Kan. July 11, 2018) (question whether opinion is cumulative best left to the ALJ); <u>Jackson v. Berryhill</u>, No. 17-1093-JAR, 2017 WL 4923347, *6 (D. Kan. Oct. 31, 2017) (employer opinion probative and agreed with physician); <u>Hubbard v. Colvin</u>, No. 15-1237-SAC, 2016 WL 4593517, *4 (D. Kan. Sept. 2, 2016) (five third-party statements should be considered by ALJ); <u>Thomas v. Colvin</u>, No. 2:13-cv-296-PMW, 2014 WL 5587000 (D. Utah Nov. 3, 2014) ("lay witness statement provides information about Plaintiff's functional limitations that is not contained in Plaintiff's testimony").   Thus, based on the cases cited here, the Commissioner was substantially justified in arguing for harmless error on the basis of his belief that "[a]lthough Ms. [Cole's] testimony is not identical in every respect to Plaintiff's allegations, . . . the same evidence used to discredit Plaintiff's allegations also discredits Ms. [Cole]'s opinions."   (Pl. SS Br. at 11).   This is true despite the court's finding in the case in chief that Plaintiff's allegations and Ms. Cole's opinion are not so similar that the court could say they were discredited by the same evidence the ALJ considered.

The Commissioner has shown that his litigation position was substantially justified.

**IT IS THEREFORE ORDERED** that plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act" (Doc. 23) be DENIED.

Dated this 13th day of August 2021, at Kansas City, Kansas.


s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**

9